## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

DAVID YOWELL and DAVID YOWELL
CONSTRUCTION, LLC                                          PLAINTIFFS

v.                                                 CAUSE NO. 4:15CV80-LG-CMC

SENECA SPECIALTY
INSURANCE COMPANY                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO STRIKE

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [16] filed by the plaintiffs David Yowell Construction, LLC, and David Yowell (hereafter collectively referred to as "Yowell"), as well as the Motion to Strike [22] filed by Yowell. Both Motions have been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Yowell's Motion for Partial Summary Judgment should be granted in part and denied in part, and Yowell's Motion to Strike should be denied.

## BACKGROUND

Barry and Rebecca Schneider filed a lawsuit against Yowell in the District Court of Collin County, Texas, 296th Judicial District.[1] (Pet., ECF No. 1-1). In their Petition, the Schneiders allege that they hired Yowell in June 2012 to remediate past water damage in their home and to make repairs that would prevent future water damage. (*Id.* at 3-4). On December 12, 2012, Yowell notified

---

[1] The filing date on the copy of the Petition that was provided to the Court is difficult to decipher, but it appears that the Petition was filed on July 21, 2014.

the Schneiders that all work on the home had been completed. (*Id.* at 14). The Schneiders found mold in different areas of the home in March 2013, October 2013, and November 2013. (*Id.* at 5-6). They claim that the mold was caused by defects in the construction work performed by Yowell as well as Yowell's failure to perform work that was called for in the parties' agreement. (*Id.* at 6-9). The Schneiders filed the following claims against Yowell: (1) breach of contract; (2) violation of the Texas Deceptive Trade Practices - Consumer Protection Act; and (3) common law fraud. (*Id.* at 9-11).

On August 18, 2014, Yowell retained the firm McCauley, Westberg, & Ramirez, PLLC, to defend it in the Schneider lawsuit. (Pls.' Mot., Ex. D at 1, ECF No. 16-4). One of the managing members of the firm, Michael John Ramirez, has testified that he tendered Yowell's defense to Seneca Specialty Insurance Company on September 12, 2014. (*Id.* at 2). Seneca had issued a commercial general liability policy to Yowell for the period June 26, 2012, through June 26, 2013. (Pls.' Mot., Ex. A, ECF No. 16-1). Seneca rejected the tender of defense and denied coverage. (Def.'s Resp., Ex. 2, ECF No. 21-2).

The Schneiders filed their First Amended Petition on November 13, 2014, asserting the following claims: (1) breach of contract; (2) violation of the Texas Deceptive Trade Practices - Consumer Protection Act; (3) common law fraud; (4) breach of express warranties; (5) breach of implied warranties; and (6) negligence. (1st Am. Pet. at 9-14, ECF No. 16-2). Ramirez has testified that he provided a copy of the First Amended Petition to Seneca and once again tendered Yowell's defense

to Seneca on November 13, 2014.  (Pls.' Mot., Ex. D at 2, ECF No. 16-4).  Ramirez has testified that he subsequently contacted Seneca multiple times in an effort to obtain Seneca's involvement in the defense of the Schneider lawsuit.  (*Id.* at 2-3).

On February 3, 2015, Yowell filed the present lawsuit against Seneca, alleging that Seneca never filed a response to its request for a defense of the Schneiders' First Amended Petition.  (Compl., ECF No. 1).  Yowell seeks a declaratory judgment that Seneca has a duty to defend and indemnify Yowell in the Schneider lawsuit.  (*Id.* at 6).  Yowell also asserts a breach of contract claim, a claim for violation of the Texas Insurance Code Unfair Settlement Practices Act, a claim for violation of the Prompt Payment of Claims Act, and a claim for attorney's fees.  (*Id.* at 6-8).  On April 2, 2015, Seneca sent a letter to Yowell in which it agreed to participate in Yowell's defense subject to a reservation of rights.  (Pls.' Mot., Ex. G, ECF No. 16-7).

## DISCUSSION

Yowell has filed a Motion for Partial Summary Judgment on the following grounds:

> a.  Seneca has a duty to defend Yowell based on the factual allegations set out in the First Amended Petition in the Underlying Suit and the terms of the Seneca insurance policy.
> b.  Seneca breached its duty to defend Yowell when it failed entirely to respond to Yowell's timely notice and request for defense.
> c.  Seneca cannot "unbreach" its contract now by offering [a] defense to Yowell.
> d.  Because Seneca breached its duty to defend, Yowell is entitled to recover attorney's fees and costs Yowell has incurred and continues to incur in defense of the Underlying Suit from the date of notice of the First Amended Petition.

> e.  Seneca's refusal to pay defense costs in a timely manner constitutes a violation of Chapter 542 of the Texas Insurance Code, Prompt Payment [of Claims] Act, and subjects Seneca to the 18% penalty imposed for such violation.
>
> f.  Because Seneca breached its duty to defend, Yowell is entitled to recover the attorney's fees and costs incurred to prosecute this coverage action.

(Pls.' Mot. at 6, ECF No. 16).  Yowell's request for a holding that Seneca cannot "unbreach" the policy is essentially a request for a holding that Seneca has waived its right to control Yowell's defense, such that Yowell is permitted to proceed with the attorney of its choice in the Schneider lawsuit.  Yowell also argues that Seneca cannot dispute the reasonableness and necessity of the defense fees and costs that Yowell has incurred and will incur in the Schneider lawsuit.  Yowell has proffered expert testimony in an effort to obtain a judgment as to the amount of the fees incurred in the Schneider lawsuit and the present lawsuit.  Yowell also requests an award of prejudgment interest.

Seneca filed a response in opposition to the Motion, arguing that it did not breach its duty to defend Yowell because it never explicitly denied a defense to Yowell after the First Amended Petition was tendered and it eventually agreed to defend Yowell.  Seneca also argues that the reasonableness of the attorney's fees incurred in the Schneider lawsuit is a question of fact; thus, summary judgment is not appropriate.  Furthermore, Seneca disputes the assertion that it violated the Prompt Payment of Claims Act as well as Yowell's ability to recover prejudgment interest.

## I.  WHETHER SENECA BREACHED ITS DUTY TO DEFEND YOWELL

Seneca does not dispute that it has a duty to defend Yowell against the claims made in the Schneiders' First Amended Petition.  Yowell has produced testimony that its attorney tendered the First Amended Petition to Seneca and requested a defense and indemnity on November 13, 2014.  (Pls.' Mot., Ex. D at 2, ECF No. 16-4).  The record in this matter indicates that Seneca did not respond to this request until it issued a reservation of rights letter on April 2, 2015.  (Pls.' Mot., Ex. G, ECF No. 16-7).  Seneca has provided no explanation for this 140-day delay.

The Texas state courts have not directly addressed the issue of whether an insurer's delay in agreeing to provide a defense to its insured constitutes a breach of the duty to defend.  However, in an unpublished decision, the United States District Court for the Northern District of Texas has held that unreasonable delay constitutes a breach of the insurance policy under Texas law.  *Kirby Co. v. Hartford Cas. Ins. Co.*, No. 3:02-cv-1616-L, 2004 WL 2165367, at *4 (N.D. Tex. Sept. 23, 2004).  In *Kirby*, the insurer asked the court "to rule that, as a matter of law, merely acknowledging a duty [to defend its insured] (no matter how late) constitutes full performance of that duty."  *Id.* at *1.  The court disagreed, relying on cases from other jurisdictions including *Marathon Ashland Pipe Line LLC v. Maryland Casualty Co.*, 243 F.3d 1232, 1243 (10th Cir. 2001), which held that an "insurer's four month delay in responding to [its] insured's notice of claim breached

the insurer's duty, and was not cured by its untimely offer to defend under a reservation of rights."; *See also Centex Homes v. Lexington Ins. Co.,* No. 3:13-CV-719-BN, 2014 WL 1225501, at *6 (N.D. Tex. Mar. 25, 2014)(holding that under Texas law, where a breach of the duty to defend is caused by an unreasonable delay, the insurer forfeits its right to defend and, by extension, its right to select the counsel of its choosing.)

Here, Seneca has failed to tender any summary judgment evidence tending to show that the delay was "reasonable." In fact, Seneca has not explained why it to needed 140 days to determine whether it had a duty to defend Yowell after the Schneiders' First Amended Petition was tendered. There is no evidence that Seneca ever requested any additional information from Yowell or additional time to consider the claims. Nor is there any showing in the record that Seneca needed any additional information, aside from the First Amended Petition and the policy, to make its determination. *See Primo v. Great Amer. Ins. Co.*, 455 S.W.3d 714, 723 (Tex. Ct. App. 2015) (explaining that, under Texas law, the duty to defend is determined by comparing the petition filed against the insured with the coverage provided under the policy). As a result of Seneca's delay, Yowell was forced to continue to pay its own attorney to defend the First Amended Petition for almost five months. Seneca's 140-day delay was, in essence, a denial of a defense. Since Seneca waited without apparent explanation for 140 days before agreeing to provide a defense it now does not dispute it owes to the Yowell, the Court finds that Seneca breached its duty to defend.

## II. WHETHER SENECA HAS WAIVED ITS RIGHT TO CONTROL YOWELL'S DEFENSE

A liability insurance policy grants the insurer the right to control the defense of claims filed against the insured. *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co.*, 261 S.W.3d 24, 26 (Tex. 2008). This right of control usually includes "the authority to select the attorney who will defend the claim and to make other decisions that would normally be vested in the insured as the named party in the case." *Id.* at 42. However, "[i]t is well settled that once an insurer has breached its duty to defend, the insured is free to proceed as he sees fit; he may engage his own counsel and either settle or litigate, at his option." *Ideal Mut. Ins. Co. v. Myers*, 789 F.2d 1196, 1200 (5th Cir. 1986) (citing *Great Amer. Indem. Co. v. Corpus Christi*, 192 S.W.2d 917, 919 (Tex. Civ. App. 1946)). Thus, an insurer that breaches its duty to defend forfeits its right to conduct the insured's defense. *Id.*

Since Seneca breached its duty to defend, Seneca waived its right to control the defense, and Yowell is free to utilize the attorney of its choice in the defense of the Schneider lawsuit.

## III. WHETHER SENECA CAN CONTEST THE REASONABLENESS AND NECESSITY OF YOWELL'S DEFENSE COSTS INCURRED IN THE SCHNEIDER LAWSUIT

Yowell argues that Seneca has also waived its right to contest the reasonableness and necessity of the attorney's fees incurred while defending the Schneider lawsuit. To support this argument, it relies on *Shore Chan Bragalone Depumpo LLC v. Greenwich Insurance Company*, 904 F. Supp. 2d 592 (N.D. Tex.

2012).  The *Shore Chan* court stated, "Without further guidance from the parties, the [c]ourt believes that the Texas Supreme Court would . . . decide that an insurer who abdicates its duty to defend is also barred from directly challenging the reasonableness and necessity of the insured's attorney's fees."  *Shore Chan*, 904 F. Supp. 2d at 603.  However, the Fifth Circuit, while interpreting Texas law, had previously reached the opposite conclusion.  In *American Home Assurance Company v. United Space Alliance, LLC*, 378 F.3d 482 (5th Cir. 2004), the Fifth Circuit held that attorney's fees that are recoverable as damages for breach of the duty to defend must be reasonable and necessary.  378 F.3d at 490; *see also Primrose Operating Co. v. Nat'l Amer. Ins. Co.*, 382 F.3d 546, 559 (5th Cir. 2004) ("a breach of the duty to defend entitles the insured to the expenses it incurred in defending the suit, including *reasonable* attorney's fees and court costs") (emphasis added).  This Court must follow Fifth Circuit precedent and hold that Seneca has not waived its right to contest the reasonableness and necessity of the defense fees incurred by Yowell.

## IV.  WHETHER SENECA VIOLATED THE PROMPT PAYMENT OF CLAIMS ACT

The Prompt Payment of Claims Act provides:

> Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

Tex. Ins. Code Ann. § 542.058(a) (West 2005).

The Texas Supreme Court has held that the Prompt Payment of Claims Act applies to an insured's claim against the insurer for defense costs. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 19 (Tex. 2007). "*Lamar Homes* is best understood as holding that an insurer becomes liable under the statute when it wrongfully rejects its defense obligation, but that attorney's fees cannot be awarded, and prejudgment interest does not begin accruing, until the insured actually incurs the defense costs." *Trammell Crow Residential Co. v. Va. Sur. Co., Inc.*, 643 F. Supp. 2d 844, 859 (N.D. Tex. 2008).

Seneca argues that it is not liable pursuant to the Prompt Payment of Claims Act because it did not deny Yowell's request for a defense or breach its duty to defend Yowell. As explained previously, Seneca denied Yowell a defense since it failed to respond to Yowell's demand for 140 days. This denial is a breach of the duty to defend. Thus, Seneca's argument is without merit. The Court finds that Seneca breached the Prompt Payment of Claims Act by failing to timely respond to Yowell's claim for a defense.

## V. WHETHER SENECA IS ENTITLED TO RECOVER ATTORNEY'S FEES INCURRED IN THE PRESENT LAWSUIT

Seneca did not respond to Yowell's request for a defense, and as a result, Yowell filed this lawsuit. Since Seneca had a duty to defend Yowell and it breached that duty, Seneca is liable for the reasonable and necessary attorney's fees that Yowell has incurred in the present lawsuit up to the date of this Memorandum Opinion and Order. *See Evanston Ins. Co. v. Legacy of Life, Inc.*, 645 F.3d 739, 750

(5th Cir. 2011); *see also* Tex. Civ. Prac. & Rem. Code § 38.001(8) (providing that attorney's fees may be recovered by the prevailing party in a breach of contract action).

## VI. WHETHER YOWELL IS ENTITLED TO SUMMARY JUDGMENT AS TO THE AMOUNT OF ATTORNEY'S FEES INCURRED IN THE SCHNEIDER LAWSUIT AND THE PRESENT LAWSUIT

In support of its demand for attorney's fees, Yowell has provided expert reports signed by Warren Westberg, the partner of the attorney representing Yowell in the Schneider lawsuit, and Tarron Gartner-Ilai, one of the attorneys representing Yowell in the present lawsuit. Westberg opines that his firm's $350 per hour rate is reasonable based on the factors utilized by the Texas Supreme Court. Similarly, Gartner-Ilai testifies that her fees and the fees of her law partners are reasonable. Seneca disputes the reasonableness of the fees incurred by Yowell, and it has provided an affidavit signed by Kevin Risley, a Houston attorney, to support its arguments. Yowell has filed a Motion to Strike Risley's Affidavit.

### A. YOWELL'S MOTION TO STRIKE RISLEY'S AFFIDAVIT

Yowell argues that Risley's affidavit should be stricken in its entirety because (1) he does not identify cases that he has handled that relate to insurance coverage or construction liability; (2) he fails to set forth how much of his practice is devoted to construction and insurance; (3) he does not state whether he typically represents insurers or policyholders; and (4) Risley did not attach his curriculum

vitae to his affidavit.[2]  Yowell also attempts to discredit the opinions given by

Risley.

In his affidavit, Risley testifies that he has been licensed to practice law in

Texas since October 30, 1981, and he has maintained a law practice that includes

litigation of construction liability and insurance cases since November 1, 1982.

(Def.'s Resp., Ex. 5 at 1, ECF No. 21-5).  He has given expert opinions concerning

the reasonableness of attorney's fees in other cases for approximately twelve years.

(*Id.*)  He explains the law that applies to the determination of whether attorney's

fees are reasonable, including the factors applied by the Texas Supreme Court.  (*Id.*

at 2).  He opines that the rate of $350 per hour is not a reasonable fee for the

defense of Yowell in the Schneider lawsuit and states that this opinion is based on

his own experience as well as the State Bar of Texas Department of Research and

Analysis 2013 Hourly Fact Sheet, a survey of attorneys practicing in Texas.  (*Id.* at

3).  He opines that a reasonable rate for defense of the Schneider lawsuit would be

$250 per hour, because the median hourly rate for construction attorneys in the

Dallas/Fort Worth area is $248 pursuant to the survey.  (*Id.*)  In addition, he notes

that the Schneider lawsuit is "not especially complicated."  (*Id.*)

Risley also opines that the following rates charged by Yowell's attorneys in

the present lawsuit are not reasonable: $450/hour for Tarron Gartner-Ilai,

---

[2] Yowell's Motion is not a Rule 26(a)(2)(B) Motion contesting a deficient
designation of an expert witness, particularly since Seneca's deadline for
designating expert witnesses has not expired.

$395/hour for Dana Harbin, and $195/hour for Whitney L. Warren. (*Id.*) This opinion is also based on his experience as well as the State Bar survey of Texas lawyers. (*Id.*) According to the survey, the median hourly rate for insurance attorneys in the Dallas/Fort Worth area is $189. (*Id.* at 4.) Risley proposes that a reasonable rate for Gartner-Ilai and Harbin would be $250 per hour, while a reasonable rate for Warren would be $170 per hour, as a result of each attorney's experience in the insurance law field. (*Id.*) Risley also opines that some of the time entries for these attorneys have "extensive redactions [that] make it impossible to determine whether the amount of time allocated to a particular task is reasonable." (*Id.*) He suggests that the fees of these attorneys should be reduced by an additional ten percent for this reason. (*Id.*)

Since Risley offers expert opinions, the Court finds that the admissibility of those opinions should be evaluated pursuant to Rule 702 of the *Federal Rules of Evidence*, which establishes the following standards for determining whether expert testimony is admissible:

> (a) the expert's scientific, technical, or other specialized knowledge [must] help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony [must be] based on sufficient facts or data;
> (c) the testimony [must be] the product of reliable principles and methods; and
> (d) the expert [must have] reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, "expert testimony is admissible only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002).

Furthermore, Fed. R. Evid. 702 requires that an expert be qualified to offer testimony by virtue of his "knowledge, skill, experience, training or education." However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Contrary to Yowell's assertions, Risley's affidavit is not vague, conclusory, or speculative. Risley provides his qualifications for providing the opinions given, as well as the bases and sources of the opinions. All of Yowell's arguments concern the weight that should be attributed to Risley's testimony, not the admissibility. As a result, Yowell has not demonstrated that Risley's affidavit should be stricken.

## B. THE MERITS OF YOWELL'S REQUEST FOR SUMMARY JUDGMENT AS TO THE AMOUNT OF ATTORNEY'S FEES

### 1. ATTORNEY'S FEES INCURRED IN THE SCHNEIDER LAWSUIT

The reasonableness of attorney's fees is a question of fact for the jury, and the jury is not bound by the testimony of expert witnesses on the issue. *Powell Elec. Sys., Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 128 (Tex. Ct. App. 2011). The Fifth Circuit has explained:

> Texas courts have held that attorney's fees incurred involving litigation with a third-party are recoverable as actual damages . . . . To show the reasonableness and necessity of attorney's fees incurred, Texas courts have generally held that a party seeking such fees must offer the testimony of a witness who has been designated as an expert, . . . or at the very least, some testimony by the claimant's attorney that the fees being sought as damages are reasonable. Furthermore, Texas

> courts have held that a court may take judicial notice of the reasonableness of attorney's fees based on the testimony given. However, these courts have also held that when a court does not clearly take judicial notice of reasonableness, and the testimony offered as to reasonableness and necessity is that of an interested witness, even if uncontradicted, such testimony does no more than raise a fact issue to be determined by the jury.

*Amer. Home*, 378 F.3d at 490. However, "where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010).

In the present case, Yowell has offered testimony from an interested witness, its attorney's law partner, as to the reasonableness of the fees incurred in the Schneider lawsuit. Seneca has offered contradictory testimony from Kevin Risley on the subject. Since the reasonableness of fees is generally a question of fact for the jury and conflicting testimony has been presented to the Court, the Court finds that a genuine issue of material fact exists and Yowell's Motion for Partial Summary Judgment must be denied to this extent.

## 2. ATTORNEY'S FEES INCURRED IN THE PRESENT LAWSUIT

Yowell is entitled to recover attorney's fees as to its claim for breach of the duty to defend in the present lawsuit. Tex. Civ. Prac. & Rem. Code § 38.001(8). "It is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable." Tex. Civ. Prac. & Rem. § 38.003. "An

attorney's affidavit constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding." *Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 514 (Tex. Ct. App. 2014) (citing *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 512 (Tex. Ct. App. 2009)). Once the presumption of reasonableness attaches, it can only be rebutted by competent evidence." *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp. 2d 544, 560 (S.D. Tex. 2009).

Seneca has rebutted Yowell's claim for attorney's fees by presenting the affidavit of Risley. Summary judgment cannot be granted as to a claim for attorney's fees where conflicting affidavits are presented by the parties. *Gen. Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 601 (Tex. Ct. App. 1993). As a result, Yowell's Motion for Partial Summary Judgment must be denied in this respect.

## VII. YOWELL'S REQUEST FOR PREJUDGMENT INTEREST

Since a genuine issue of material fact exists regarding the amount of attorney's fees that Seneca must reimburse, the Court finds that Yowell's request for summary judgment as to prejudgment interest is premature.

## VIII. YOWELL'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DAVID MERCADO

Yowell asks the Court to strike portions of an affidavit signed by David Mercado, one of Seneca's claims adjusters. Since the contents of Mercado's affidavit do not affect the outcome of Yowell's Motions, the Court finds that the portion of Yowell's Motion to Strike that pertains to Mercado's affidavit should be denied as

moot.

## CONCLUSION

For the foregoing reasons, the Court finds that Yowell is entitled to summary judgment as to its claim that: (1) Seneca breached its duty to defend Yowell; (2) Seneca waived its right to control Yowell's defense in the Schneider lawsuit; (3) Seneca violated the Prompt Payment of Claims Act; and (4) Yowell is entitled to recover reasonable and necessary attorney's fees incurred in the present lawsuit up to the date of this Memorandum Opinion and Order. Yowell's Motion for Partial Summary Judgment is denied in all other respects. Yowell's Motion to Strike is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [16] filed by the plaintiffs David Yowell Construction, LLC, and David Yowell is **GRANTED IN PART AND DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Strike [22] filed by the plaintiffs David Yowell Construction, LLC, and David Yowell is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE